1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | ) Civil Action No. |
| Plaintiff, | ) CV10-00381 DDP (VBKx) |
| | ) |
| v. | ) **SUPPLEMENTAL** |
| | ) **PROTECTIVE ORDER** |
| SOLUTIONINC TECHNOLOGIES | ) |
| LIMITED, | ) Honorable Victor B. Kenton |
| | ) |
| Defendants. | ) |
| | ) |
| AND RELATED COUNTERCLAIMS | ) |
| | ) |

## **ORDER AND STATEMENT OF GOOD CAUSE**

Each of Plaintiff Nomadix, Inc. and Defendant SolutionInc Technologies Limited (collectively, the "Parties"; individually, a "Party") possesses software source code that may relate to the subject matter of this action that it deems highly confidential, that has not been disseminated to the public at large, that is not readily discoverable by competitors and that has been and still is the subject of extensive efforts to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The Court has entered a protective order (Docket No. 35) that contemplates that the production of source code is subject to additional provisions.

Accordingly, based upon the agreement of the Parties and for good cause as recited above and in Docket No. 35,

IT IS HEREBY ORDERED that whenever, in the course of these proceedings, either Party has occasion to disclose software source code, the Parties shall employ the following procedures:

## **DEFINITIONS**

1.     The term "Main Protective Order" refers to the protective order entered by the Court as Docket No. 35.

2.     The term "Supplemental Protective Order" refers to the instant protective order.

3.     All definitions from the Main Protective Order are incorporated herein by reference and are modified only as expressly indicated herein.

## **SUPPLEMENTAL NATURE**

4.     This Supplemental Protective Order supplements the Main Protective Order and is to be interpreted in conjunction with the Main Protective Order. Unless this Supplemental Protective Order specifies otherwise, this Supplemental Protective Order does not override or supplant any provisions in

-1-

1    the Main Protective Order.

2    **DESIGNATION**

3    5.    A Producing Party may designate Litigation Material as "Highly

4    Confidential – Source Code – Restricted Access Only" in accordance with this

5    Supplemental Protective Order.

6    6.    The term "Highly Confidential – Source Code – Restricted Access

7    Only Material" refers to any Litigation Material designated "Highly

8    Confidential – Source Code – Restricted Access Only"; any copies thereof; and

9    the information contained in such Litigation Material or such copies, including

10    summaries of such information.  The terms "Protected Material" and "Protected

11    Technical Material" from the Main Protective Order are hereby modified to

12    include Highly Confidential – Source Code – Restricted Access Only Material

13    and all provisions in the Main Protective Order referring to "Protected Material"

14    and/or "Protected Technical Material" are hereby updated accordingly as

15    between the Parties.

16    **Designation Procedure**

17    7.    Paragraphs 10 through 13 of the Main Protective Order apply

18    equally and analogously to Highly Confidential – Source Code – Restricted

19    Access Only Material and designations of Litigation Material as "Highly

20    Confidential – Source Code – Restricted Access Only."  Paragraph 14 of the

21    Main Protective Order is amended as follows (insertions underlined):

22    14.    From the time of any deposition through the end of

23    thirty-one (31) business days after a final transcript of the

24    deposition is made available by a reporter, the deposition

25    (including exhibits) and any transcript or recording thereof shall be

26    treated as Highly Confidential – Attorneys' Eyes Only Material,

27    unless the contents of Highly Confidential – Source Code –

28    Restricted Access Only Material were explicitly discussed during

-2-

the deposition, in which case the deposition (including exhibits) and any transcript thereof shall be treated as Highly Confidential – Source Code – Restricted Access Only Material. At the end of the thirty-one (31) business days, the deposition (including exhibits) and any transcript or recording thereof shall be treated as public information (with no confidentiality designation) except to the extent designated pursuant to paragraph 12.

**Designation Qualifications**

8.     Litigation Material may be designated "Highly Confidential – Source Code – Restricted Access Only" if it is or contains: (a) non-public source code, (b) files used with source code that are not readily discoverable by competitors and that have been and still are the subject of extensive efforts to maintain their secrecy or (c) public source code used in a Producing Party's product(s)—whether commercially released or developmental—and if the fact that such public source code is used in the Producing Party's product is (i) not publicly known or (ii) a trade secret.

### DISCLOSURE

9.     A Receiving Party may disclose Highly Confidential – Source Code – Restricted Access Only Material only to the persons or entities identified in paragraphs 17(a), 17(c), and 17(f) through 17(k) of the Main Protective Order, and only in accordance with the supplemental security provisions of paragraphs 11 through 21 of this Supplemental Protective Order. A Receiving Party may disclose Highly Confidential – Source Code – Restricted Access Only Material to an individual identified pursuant to paragraph 17(c) of the Main Protective Order only after serving on the other Party's counsel a copy of the confidentiality agreement attached to this Supplemental Protective Order as Exhibit B signed by such individual and only after otherwise complying with paragraph 17(c) of the Main Protective Order.

## **FORMAT OF PRODUCTION**

10.     For source code and files used with source code (e.g., configuration files, Makefiles, files storing input or output used with source code and/or the program that the source code underlies, files used with source code management and/or revision systems, read me files, etc.) that are to be produced or made available for inspection pursuant to this Supplemental Protective Order:

(a)     The Producing Party shall produce or make available for inspection the source code and related files in native format and organized by version number and, if applicable, product name and/or product model number.  The Producing Party shall identify or supply software and/or programming tools that can be used to view and compile the source code.

(b)     The production of a given version of source code and related files shall preserve all file names, directory names and directory structures.

(c)     The Producing Party may make Highly Confidential – Source Code – Restricted Access Only Material available according to Option 1 or Option 2:

    a.   Under Option 1, the Producing Party may produce source code and related files designated "Highly Confidential – Source Code – Restricted Access Only" pursuant to this Supplemental Protective Order and the Main Protective Order on an encrypted CD(s), DVD(s), hard drive(s), virtual drive(s) or other media.

    b.   Under Option 2, all Highly Confidential – Source Code – Restricted Access Only Material shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a secure room on a secure computer without Internet access or network access to other computers and with all input/output ports (such as USB) blocked, as necessary and

-4-

appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer"). The Source Code Computer shall include Notepad++, Bluefish, and TrueCrypt. The Source Code Computer shall be provided equipped with a modern QWERTY keyboard, an optical mouse, mouse pad and two display screens, and sufficient USB or other ports enabled for such configuration. The Source Code Computer shall be equipped with a Windows XP, Windows 7, or equivalent Linux operating system, at least 60 GB of free hard disk storage, at least 1.5 GB of RAM and a modern processor. If the Receiving Party in good faith finds that such hardware parameters are materially impeding the review of the source code, then the Parties shall promptly confer regarding a suitable alternative configuration and, if required, the Producing Party will promptly alter the configuration of the Source Code Computer or provide a new Source Code Computer appropriate to remedy the problems; if the impediment cannot be cured to the Receiving Party's reasonable satisfaction, the Receiving Party may, upon one business day's notice, serve a L.R. 37-2.1 Joint Stipulation. The Receiving Party's outside counsel and/or experts may request that additional software tools for assisting the reviewing and searching of the electronic Highly Confidential – Source Code – Restricted Access Only Material be installed on the secured computer, provided, however, that installation of such other software tools is consistent with all of the protections herein. The Receiving Party must provide the Producing Party with a CD or DVD containing such licensed

-5-

software tool(s), or else identify web sites from which such software may be legally downloaded, at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.  The Producing Party must install any such software (to the extent permitted by law) that the Receiving Party desires.  For emphasis, it should be noted that the tools for reviewing Highly Confidential – Source Code – Restricted Access Only Material may not be used to circumvent the protections of this Supplemental Protective Order in any way.  The Producing Party shall not install on the Source Code Computer any software that could compromise the protected nature of the Receiving Party's work product (such as a keystroke logger).  The Parties shall confer in good faith regarding any substantial configuration changes that the Receiving Party believes would aid in its review process consistent with the security provisions herein.

(d)     To the extent that total compliance with subparagraphs (a) and (b) would be infeasible or burdensome for a Producing Party with respect to non-source-code documents or information (e.g., with respect to source code management or revision system files), the Parties will discuss solutions whereby the documents or information are produced electronically and reasonably in compliance with subparagraphs (a) and (b).  This subparagraph (d) does not exempt production of source code from compliance with subparagraphs (a) and (b).

(e)     Subparagraphs (a) through (d) apply only to the extent the source-code document or file related to source code is available to the Producing Party in native format.  If the document is not available in native format (because, e.g., it is a printout of source code with handwritten

-6-

remarks), the document may be produced in accordance with the Parties' agreements, and any orders by this Court, regarding other types of documents, or, at the Producing Party's option, may be made available for inspection at the location at which the Producing Party's electronic Highly Confidential – Source Code – Restricted Access Only Material is made available and, in any case, shall be treated under the same security provisions applicable to Highly Confidential – Source Code – Restricted Access Only Material (including but not limited to restrictions on copying and storage) under this Supplemental Protective Order.

## SUPPLEMENTAL SECURITY PROVISIONS

11.     Unless the Producing Party advises otherwise, Highly Confidential – Source Code – Restricted Access Only Material shall be subject to the following protections indicated for Option 1 or Option 2.

**Provisions Applying To Option 1**

12.     To the extent any Receiving Party (apart from the persons identified in paragraph 17(i) of the Main Protective Order) electronically maintains Highly Confidential – Source Code – Restricted Access Only Material, such Receiving Party shall maintain such Highly Confidential – Source Code – Restricted Access Only Material on an encrypted CD(s), DVD(s), hard drive(s), virtual drive(s) or other media.   Access to the password(s) or decryption key(s) used to unlock the encrypted media shall be restricted and such password(s) or decryption key(s) shall be stored securely. Upon request, if the Producing Party has a justifiable belief that Highly Confidential – Source Code – Restricted Access Only Material has been improperly disclosed, the Receiving Party shall provide the Producing Party with a list of the persons with access to such password(s) or decryption key(s). The Parties may use the free software tool TrueCrypt (www.truecrypt.org,

version 7.0) to encrypt Highly Confidential – Source Code – Restricted Access Only Material.  In particular, the Parties may use any encryption scheme offered by TrueCrypt, including 256-bit Advanced Encryption Standard (AES). Regardless of the encryption tool used, the Receiving Party must keep the Highly Confidential – Source Code – Restricted Access Only Material in an encrypted and inaccessible state whenever possible.  For example, if TrueCrypt is used, the Receiving Party shall maintain the Highly Confidential – Source Code – Restricted Access Only Material in a TrueCrypt container / volume, which will ensure that the Highly Confidential – Source Code – Restricted Access Only Material is only decrypted in random-access memory (RAM); additionally, the Receiving Party shall only mount the TrueCrypt volume containing the Highly Confidential – Source Code – Restricted Access Only Material to a drive as needed to review the code; when a review session is over, the volume will be dismounted.

13.    The Receiving Party shall store any Highly Confidential – Source Code – Restricted Access Only Material in a locked room.  Access to the key(s) used to unlock any such room shall be restricted and, upon request if the Producing Party has a justifiable belief that Highly Confidential – Source Code – Restricted Access Only Material has been improperly disclosed, the Receiving Party shall provide the Producing Party with a list of the persons who have had access to such key(s).  Any entrance to the locked room must be marked with an "Access Restricted" notice.  The Receiving Party shall maintain a log of all persons entering any such room to view Highly Confidential – Source Code – Restricted Access Only Material and shall provide a copy of the log to the Producing Party upon request if the Producing Party has a justifiable belief that Highly Confidential – Source Code – Restricted Access Only Material has been improperly disclosed.

/ / /

14.    The Receiving Party may electronically access such Highly Confidential – Source Code – Restricted Access Only Material only from a computer that is not connected to the Internet or a network, that is password-protected and that is kept in a locked room as described in paragraph 13 of this Supplemental Protective Order.   The password(s) used to protect any such computer shall be stored securely and access to such password(s) shall be restricted to the same individuals who have access to the password(s) or decryption key(s) used to unlock encrypted media.

15.    The Receiving Party shall endeavor in good faith to print only such portions of Highly Confidential – Source Code – Restricted Access Only Material as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose.  Any Highly Confidential – Source Code – Restricted Access Only Material so printed must bear the legend "Highly Confidential – Source Code – Restricted Access Only" and must be kept in the locked room of paragraph 13.   Except as otherwise permitted by this Supplemental Protective Order or the Main Protective Order, the Receiving Party will not electronically transmit any of the Producing Party's Highly Confidential – Source Code – Restricted Access Only Material in any way from the offices of its Outside Counsel.  However, nothing in this Supplemental Protective Order or the Main Protective Order prevents a Receiving Party from making and storing electronic copies of Highly Confidential – Source Code – Restricted Access Only Material on a computer, provided that in making, storing and accessing such electronic copies the Receiving Party continues to comply with the provisions of this Supplemental Protective Order and the Main Protective Order.

/ / /

/ / /

**Provisions Applying To Option 2**

16.    The Producing Party will produce Highly Confidential – Source Code – Restricted Access Only Material as follows:

(a)    SolutionInc will make Highly Confidential – Source Code – Restricted Access Only Material available for inspection in electronic format at the offices of Reed Smith, 355 South Grand Avenue, Los Angeles, California.  Nomadix will make Highly Confidential – Source Code – Restricted Access Only Material available for inspection in electronic format at the offices of Knobbe, Martens, Olson & Bear, LLP, 333 Bush Street, San Francisco, California.

(b)    At least fourteen (14) days prior to any inspection of the Highly Confidential – Source Code – Restricted Access Only Material, the Receiving Party shall identify all individuals other than its litigation attorneys at Knobbe Martens Olsen & Bear LLP or Reed Smith LLP (each Party's such counsel referred to as "Litigation Attorneys") who seek access to the Highly Confidential – Source Code – Restricted Access Only Material who have not yet been identified under this subsection.  (Thus, fourteen days prior to the Receiving Party's initial inspection of the Highly Confidential – Source Code – Restricted Access Only Material, the Receiving Party must identify all individuals other than its Litigation Attorneys who seek to access the code at that time; for subsequent inspections, the Receiving Party is only required to identify reviewers other than its Litigation Attorneys fourteen days in advance if those reviewers were not identified fourteen days in advance of a prior review.)

(c)    Prior to its initial inspection of the Highly Confidential – Source Code – Restricted Access Only Material, the Receiving Party shall provide at least five (5) business days' notice to the Producing Party of its

intent to inspect the Highly Confidential – Source Code – Restricted Access Only Material.  Prior to subsequent inspections of the Highly Confidential – Source Code – Restricted Access Only Material, the Receiving Party shall provide at least the greater of one (1) business day's or 24 hours' notice to the Producing Party of its intent to inspect the Highly Confidential – Source Code – Restricted Access Only Material.

(d)     The Highly Confidential – Source Code – Restricted Access Only Material shall be made available from 9 am to 5 pm Pacific Time, Monday through Friday (excluding holidays).  However, in limited instances of particular urgency (e.g., prior to the filing of expert reports, the taking of expert or relevant fact depositions, or the filing of relevant court papers), the Highly Confidential – Source Code – Restricted Access Only Material may be made available after hours and/or on weekends, upon reasonable written request by the Receiving Party made at least three (3) business days in advance.  If there is any dispute about the reasonableness of such a request by the Receiving Party, the Parties shall negotiate in good faith to resolve such dispute.

(e)     Prior to any access to the source code by persons other than Litigation Attorneys, such persons' access must be authorized in writing by the Producing Party.  Prior to any access to the Highly Confidential – Source Code – Restricted Access Only Material, each authorized reviewer for the Receiving Party must show the Producing Party (or its representative counsel) a photo identification card sanctioned by the government of a U.S. state, by the United States federal government.  Access to the Highly Confidential – Source Code – Restricted Access Only Material may be denied, at the Producing Party's discretion, to any individual who fails to provide proper identification.  Access to

the Highly Confidential – Source Code – Restricted Access Only Material will be denied to any individual other than Litigation Attorneys who was not disclosed according to the provisions of subparagraph (b) of this paragraph.

(f)    The Producing Party may, at its option,  maintain a log recording the identity of the Litigation Attorneys and/or experts accessing the source code, the date of access, and the time the access began and ended.  The log shall be shown to, and verified by, the Receiving Party at the end of each day of source code inspection.  The Producing Party shall be entitled to have a person or persons observe all entrances and exits from the source code viewing room.   However, any such observer shall not be stationed in the source code viewing room and shall only be stationed at a sufficient distance from the source code viewing room that he or she cannot overhear conversations taking place in the source code viewing room at a reasonable volume.  At the end of each day of source code inspection, each individual that entered the source code review room shall sign and provide to the Producing Party a certification that he or she complied with the terms of this Supplemental Protective Order.

(g)    Except as specifically allowed in this Supplemental Protective Order, no recording devices (including cameras or those on cell phones or PDAs) or recordable media may be used inside the source code review room.  The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Highly Confidential – Source Code – Restricted Access Only Material but may not copy the Highly Confidential – Source Code – Restricted Access Only Material into the notes (other than small snippets of code when narrowly tailored and reasonably necessary to facilitate the Receiving Party's furtherance of

its claims and defenses in this case) and may not take such notes on any computer that is connected to any network. Each of the Receiving Party's outside counsel and/or experts may bring a single laptop computer into the source code review room (i.e., one laptop per authorized reviewer) for the purpose of taking high-level notes regarding code structure (but such notes may include snippets of code as described above), as long as any cameras and networking functionality are turned off or otherwise disabled. No copies of all or any portion of the Highly Confidential – Source Code – Restricted Access Only Material may leave the room in which the Highly Confidential – Source Code – Restricted Access Only Material is inspected except as otherwise provided in this paragraph 16.

(h)   The Receiving Party may make electronic copies of the Highly Confidential – Source Code – Restricted Access Only Material ("Source Code Copies"). Any Source Code Copies must at all times remain physically on the Source Code Computer. However, in order to preserve its work product, the Receiving Party may encrypt any Source Code Copies using the free software tool TrueCrypt (www.truecrypt.org, version 7.0), such that only the Receiving Party's authorized reviewers may access the Source Code Copies. In particular, the Receiving Party may use any encryption scheme offered by TrueCrypt, including 256-bit Advanced Encryption Standard (AES). Except as provided otherwise in this Supplemental Protective Order, no electronic copies of the Highly Confidential – Source Code – Restricted Access Only Material shall be made, and the Receiving Party shall not copy, remove, or otherwise transfer any Highly Confidential – Source Code – Restricted Access Only Material from the Source Code Computer including, without limitation, copying,

removing, or transferring the Highly Confidential – Source Code – Restricted Access Only Material onto any other computers or peripheral equipment.

(i)     The Producing Party shall make available a color laser printer with commercially reasonable printing speeds for on-site color printing during inspection of the Highly Confidential – Source Code – Restricted Access Only Material.  The Producing Party shall also provide pre-Bates numbered paper, bearing the legend "Highly Confidential – Source Code – Restricted Access Only," which shall be the only paper on which the Receiving Party may print Highly Confidential – Source Code – Restricted Access Only Material.  Any watermarks, confidentiality designation legends or Bates numbers shall not encroach on the printable area of the paper.  Furthermore, the Receiving Party shall endeavor in good faith to print only such portions of the Highly Confidential – Source Code – Restricted Access Only Material as are relevant to the claims and defenses in the case and are reasonably necessary for such purpose, and may not print Highly Confidential – Source Code – Restricted Access Only Material in order to review blocks of source code elsewhere in the first instance, i.e., as an alternative to reviewing that source code electronically on the Source Code Computer.  Counsel for the Producing Party will keep the originals of these printed Highly Confidential – Source Code – Restricted Access Only Material, and color copies shall be made for counsel for the Receiving Party either at the time they are requested (if less than 100 pages) or within two (2) business days (if more than 100 pages).

(j)     Unless otherwise agreed in advance by the Parties in writing, the Receiving Party's outside counsel and/or experts shall remove all

notes, documents, laptops, and all other materials from the source code review room that may contain work product and/or attorney-client privileged information at the end of each day.  Materials inadvertently left in the source code review room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly.  The Producing Party shall not be responsible for any items left in the source code review room.

**Provisions Applying To Both Options 1 And 2**

17.    In the aggregate during the duration of the case, a total of two (2) individuals identified as consultants or experts for the Receiving Party and six (6) Outside Counsel for the Receiving Party are permitted to review the Producing Party's Highly Confidential – Source Code – Restricted Access Only Material.  If access for additional consultants, experts, or counsel is necessary, the Parties shall meet and confer and, if the meet and confer fails, the Receiving Party may request that the Court resolve the dispute.  In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's Highly Confidential – Source Code – Restricted Access Only Material, printed copies of the Highly Confidential – Source Code – Restricted Access Only Material maintained by the Receiving Party must be kept in a locked storage container or locked room when not in use.  Except as otherwise provided herein, no more than 20% or 1,000 pages of the total source code for any software release may be in printed form at any one time, and all printed source code shall be logged by the Receiving Party as described in this paragraph 17.  Additionally, except as otherwise provided herein, the Receiving Party shall not print out any continuous block of Highly Confidential – Source Code – Restricted Access Only Material that results in more than eighteen (18) printed pages.  If necessary, the Receiving Party may request to print additional pages in excess of the 20% or 1,000 pages of total source code for a software

release, or continuous blocks that exceed eighteen (18) pages, which request the Producing Party shall not unreasonably deny.  Counsel for the Receiving Party may print up to six (6) copies of printed Highly Confidential – Source Code – Restricted Access Only Material.  The Receiving Party may not make any further copies of the printed Highly Confidential – Source Code – Restricted Access Only Material except as permitted under paragraph 18.  The Receiving Party shall maintain a log recording the location(s) of the printed Highly Confidential – Source Code – Restricted Access Only Material, the identity of the outside counsel and/or experts accessing the printed Highly Confidential – Source Code – Restricted Access Only Material, the date of access, and the time the access began and ended.  All paper copies of Highly Confidential – Source Code – Restricted Access Only Material shall be securely destroyed in a timely manner, when such paper copies are no longer in use (e.g., at the conclusion of a deposition).  The fact and time of such destruction shall be recorded on the same log referred to above.  The log shall be produced to the Producing Party upon request if the Producing Party has a justifiable belief that the printed source code has been improperly disclosed.  Notwithstanding the foregoing, nothing in this Paragraph 17 shall preclude a Receiving Party from maintaining in printed form, in accordance with the other provisions of this Supplemental Protective Order, (1) the exhibit-marked copy of any portion of Highly Confidential – Source Code – Restricted Access Only Material that is used as a deposition exhibit, (2) attorneys' working copies of portions of Highly Confidential – Source Code – Restricted Access Only Material that were used as deposition exhibits, or (3) portions of Highly Confidential – Source Code – Restricted Access Only Material that were included in, or attached as exhibits to, any court filing(s).

18.    Except as provided in this Supplemental Protective Order (such as in this paragraph or in paragraph 20), absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or

any other images, or make electronic copies, of the Highly Confidential – Source Code – Restricted Access Only Material from any paper copy of Highly Confidential – Source Code – Restricted Access Only Material for use in any manner (including by way of example only, the Receiving Party may not scan the Highly Confidential – Source Code – Restricted Access Only Material to a PDF or photograph the Highly Confidential – Source Code – Restricted Access Only Material).  However, nothing in this Supplemental Protective Order or the Main Protective Order prevents the Parties from including Highly Confidential – Source Code – Restricted Access Only Material in court filings made under seal; from preparing exhibits including Highly Confidential – Source Code – Restricted Access Only Material to be used in expert reports or at depositions, hearings, trial, mediation or other proceedings in this case; or from including Highly Confidential – Source Code – Restricted Access Only Material in discovery responses and similar documents.  All such documents shall be clearly marked "Highly Confidential – Source Code – Restricted Access Only" and, if filed, shall be filed under seal.  Additionally, when including the other Party's Highly Confidential – Source Code – Restricted Access Only Material as an exhibit to a court filing or using the other Party's Highly Confidential – Source Code – Restricted Access Only Material as a deposition exhibit, the Receiving Party shall endeavor to use only such portions of Highly Confidential – Source Code – Restricted Access Only Material as are reasonably necessary. Unless agreed by the Parties, images or copies of Highly Confidential – Source Code – Restricted Access Only Material shall not be included in correspondence between the Parties (references to production numbers shall be used instead).

19.    The Receiving Party (apart from the persons identified in paragraph 17(i) of the Main Protective Order) may only transmit or transport Highly Confidential – Source Code – Restricted Access Only Material as follows:

(a)    If physically lodged or filed with the Court, served upon any Party, or

sent to any other person authorized under this Protective Order to receive Highly Confidential – Source Code – Restricted Access Only Material, the Highly Confidential – Source Code – Restricted Access Only Material must be sent (i) in a sealed container via mail or an established overnight, freight, delivery, or messenger service, or (ii) via a secure FTP to the extent expressly permitted by this Supplemental Protective Order or the Main Protective Order.

(b)     If the Highly Confidential – Source Code – Restricted Access Only Material is physically transported for any other purpose, the Receiving Party must retain physical custody and control of the Highly Confidential – Source Code – Restricted Access Only Material at all times and must store it in a locked, secure place.  The Receiving Party must notify the Producing Party immediately upon learning that the transported Highly Confidential – Source Code – Restricted Access Only Material did not reach its intended destination.

(c)     With respect to sub-paragraphs (a) and (b), except when being physically lodged or filed with the Court, the Highly Confidential – Source Code – Restricted Access Only Material must be transported on encrypted media.

20.     Notwithstanding anything in this Supplemental Protective Order, and to the extent authorized to receive Highly Confidential – Source Code – Restricted Access Only Material, the Receiving Party may store transcripts, recordings and exhibits (including those associated with depositions, trial or other proceedings featuring testimony) designated "Highly Confidential – Source Code – Restricted Access Only" on non-encrypted media and may electronically access them from a computer that is connected to the Internet or a network, provided that access to such transcripts, recordings and exhibits is restricted to a limited number of people or users within the Receiving Party's

firm, organization, system, network, etc. by password or by privileges set by an administrator.  Nothing in this Protective Order precludes the Receiving Party from storing on non-encrypted media and accessing from a computer that is connected to the Internet or a network any Litigation Material whose portions designated "Highly Confidential – Source Code – Restricted Access Only" have been redacted or otherwise removed.

21.    Copies of Highly Confidential – Source Code – Restricted Access Only Material that are used as deposition exhibits may be handed to the court reporter for marking with an exhibit number.  However, the court reporter will not take custody of the Highly Confidential – Source Code – Restricted Access Only Material at the conclusion of the deposition.  If such a deposition exhibit has been marked up or altered in any way by the deponent, the Receiving Party shall store the exhibit in the same way paper copies of Highly Confidential – Source Code – Restricted Access Only Material are stored.  The Receiving Party may make electronic copies of such exhibits in accordance with paragraph 20.

## USE AND RETURN OR DESTRUCTION

22.    Notwithstanding Paragraph 30 of the Main Protective Order, after final resolution of the case as to either Producing Party (or both), the Producing Party may give notice to the Receiving Party that the Receiving Party must return or destroy all Highly Confidential – Source Code – Restricted Access Only Material, any and all printed or duplicated versions thereof, and any and all notes or other materials derived therefrom.  Within forty-five (45) business days of such notice, the Receiving Party shall certify the return or destruction of all such Highly Confidential – Source Code – Restricted Access Only Material, printed or duplicated versions thereof, and notes or other materials derived therefrom.

/ / /

/ / /

## OBJECTIONS

23.     Paragraph 33 of the Main Protective Order applies equally and analogously to designations of Litigation Material as "Highly Confidential – Source Code – Restricted Access Only" and the qualifications set forth in paragraph 8 of this Supplemental Protective Order.

## REVOCATION OF DESIGNATION

24.     Paragraph 37 of the Main Protective Order applies equally and analogously to Highly Confidential – Source Code – Restricted Access Only Material and designations of Litigation Material as "Highly Confidential – Source Code – Restricted Access Only."

## INADVERTENT PRODUCTION, DISCLOSURE OR DESIGNATION

25.     Paragraph 39 of the Main Protective Order applies equally and analogously to designations of Litigation Material as "Highly Confidential – Source Code – Restricted Access Only" and failures to so designate.

26.     Paragraph 40 of the Main Protective Order applies equally and analogously to this Supplemental Protective Order.

## EXEMPTIONS

27.     Paragraphs 41 through 43 of the Main Protective Order apply equally and analogously to this Supplemental Protective Order.

## MISCELLANEOUS PROVISIONS

28.     This Supplemental Protective Order is without prejudice to the right of the Producing Party to seek further or additional protection of information.  Nothing in this Supplemental Protective Order shall be deemed to bar or preclude the Producing Party from seeking such additional protection, including, without limitation, an order that certain matters may not be discovered at all.

29.     This Supplemental Protective Order is without prejudice to the right of the Receiving Party to seek modification of or relief from this

Supplemental Protective Order.  Nothing in this Supplemental Protective Order shall be deemed to bar or preclude the Receiving Party from seeking such modification or relief.

30.    The entry of this Supplemental Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve the Producing Party of the obligation of producing information in the course of discovery.

31.    All notices required by this Supplemental Protective Order are to be made by e-mail, certified mail, or overnight mail to Outside Counsel representing the noticed Party.  The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the Party that is otherwise to be noticed.

32.    The terms of this Supplemental Protective Order shall survive and remain in effect after the Termination of this Action.  The Court shall retain jurisdiction to hear disputes arising out of this Supplemental Protective Order.

**IT IS SO ORDERED.**

Dated: April 08, 2011          _____/S/_____
                                              Honorable Victor B. Kenton

**EXHIBIT B**

I have read and fully understand the Main Protective Order entered on _____, 2011, and the Supplemental Protective Order entered on _____, 2011, in the matter of *Nomadix, Inc. v. SolutionInc Technologies Limited*, Case No. CV10-00381 DDP (VBKx), and agree to be bound by and comply fully with the terms of such orders.  Specifically, I will not disclose or permit the unauthorized viewing or disclosure of Protected Material as set forth in the Main Protective Order or the Supplemental Protective Order.  Furthermore, if Protected Technical Material is disclosed to me, I will not, until two (2) calendar years after the Termination of this Action, on behalf of a patent applicant or patentee, prepare and/or amend any patent applications of any kind, draft and/or amend patent claims of any kind (including claims that are the subject of reissue or reexamination proceedings), supervise such activities, or consult on such activities whenever such patent applications or patent claims relate to (1) the patents-in-suit or contain claims that it is reasonably likely may be asserted against the Producing Party in this Action or any other action; and relate to (2) charging for, providing or controlling access to computer networks, or to network devices involved in charging for, providing or controlling access to computer networks.  I further understand that failure to comply fully with the terms of such Protective Orders may lead to sanctions imposed by the Court.  I submit myself to the Court's jurisdiction for purposes of enforcement of the Protective Orders.


_____          _____
Date                              Signature


_____
Printed Name

10897617

-1-